## Ex Parte Torres.

### Appeal from the District Court of Ponce.

No. 20.—Decided May 24, 1905.

Habeas Corpus—Fine—Subsidiary Imprisonment.—A judgment condemning the accused to three months' imprisonment and subsidiary imprisonment for one hundred days in default of payment of a fine of $100 is legal with respect to the principal punishment imposed, as well as with respect to the payment of the fine or the term of imprisonment which the accused may legally be required to serve in default of the payment thereof.

Id.—Compliance with Judgment—Commitment.—The detention of a prisoner by virtue of a judgment of conviction must be held under a certified copy of the original judgment according to the provisions of section 327 of the Code of Criminal Procedure, and failure to comply with this provision renders the commitment null and void and the prisoner will be discharged on *habeas corpus.*

The facts are stated in the opinion.

*Mr. Sepúlveda,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal from an order of the District Court of Ponce dismissing the application of the appellant for a writ of *habeas corpus.* The appellant alleges that his imprisonment is illegal:

First. Because his commitment did not follow the precepts of section 327 of the Code of Criminal Procedure, and

Second. Because the sentence of the court imposed an imprisonment of one hundred days in default of the payment of a hundred dollars fine. The sentence was for three months' imprisonment, and a hundred days additional, equivalent to a fine of $100. The fine was the punishment, and while the sentence was defective in fixing a term of one hundred days as the alternative, this defect will not avoid the fine or the amount of time that the prisoner may legally suffer thereunder. To this effect it is the opinion of this court in the case

of José Avila Alicea, decided on the 21st day of October, 1903, and therefore the opinion of the judge of the District Court of Ponce in this respect was well grounded. The prisoner has not served the ninety days which was the maximum alternative penalty.

However, the imprisonment is illegal because the commitment fails to follow the precepts of section 327 above cited. The terms of the law plainly require a certified copy of the sentence and for the reasons given in the opinion of this court in the case *ex parte Justo Aranzamendi,* dated May 18th, 1905, the prisoner cannot be held under the commitment presented.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.